**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4046-17T1

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

DEMPSEY COLLINS,

      Defendant-Appellant.

_____

> Submitted September 16, 2019 - Decided November 22, 2019
>
> Before Judges Vernoia and Susswein.
>
> On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 14-04-0601.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Michele A. Adubato, Designated Counsel, on the brief).
>
> Gurbir S. Grewal, Attorney General, attorney for respondent (Evgeniya Sitnikova, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Dempsey Collins appeals from an order denying his petition for post-conviction relief (PCR) without an evidentiary hearing and oral argument. The trial court cancelled the oral argument and deemed it to be waived when defense counsel failed to appear. For the reasons that follow, we hold it is necessary to vacate the court's order and remand for the PCR court to hear oral argument and decide the petition anew.

In 2011, a State grand jury returned a forty-two count indictment charging defendant and twelve co-defendants with first-, second-, and third-degree drug-related crimes. In 2013, defendant pled guilty pursuant to a plea agreement to the first-degree crime of Leader of Narcotics Trafficking Network. N.J.S.A. 2C:35-3. In January 2014, the sentencing court imposed an aggregate twenty-year term of imprisonment with a twelve-and-one-half-year period of parole ineligibility. Later that year, a Hudson County grand jury returned a twenty-one count indictment charging defendant and two others with additional drug distribution and money laundering offenses. In 2015, defendant pled guilty to a third-degree drug crime charged in the Hudson County indictment. In accordance with the plea agreement, the second sentencing court imposed a four-year prison term to be served concurrently with defendant's sentence on his Leader of Narcotics Trafficking Network conviction.

A-4046-17T1

In 2016, defendant filed a pro se petition for PCR claiming errors with respect to sentencing and the award of jail credits. Following the appointment of PCR counsel, the petition was amended to include claims that defendant's trial counsel rendered ineffective assistance by failing to share discovery with defendant and by not conducting a proper investigation before advising defendant to plead guilty.

The PCR court had scheduled oral argument on defendant's PCR petition for December 7, 2017. Defendant's PCR counsel, however, did not appear for the proceeding despite repeated calls to his office throughout the day. The PCR judge went on the record and held that counsel's failure to appear would be deemed to be a waiver of oral argument. The judge announced that the matter would be decided on the papers and that the court's decision would be sent out to the attorneys the next day.

The transcript of the proceeding does not indicate that anyone from the judge's chambers had been able to speak to the absent attorney. As a result, there is no indication in the record before us that defense counsel explicitly waived oral argument. The judge did not address defendant or inquire whether defendant was waiving oral argument or wanted instead to have it rescheduled.

A-4046-17T1

On December 8, 2017, the PCR judge issued a seven-page written opinion denying PCR without an evidentiary hearing.  This appeal followed.

On this appeal, defendant contends that:

> THE POST-CONVICTION RELIEF COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WTHOUT AFFORDING HIM ORAL ARGUMENT AND AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION FROM PLEA COUNSEL.

We appreciate that the PCR judge was justifiably frustrated by appointed counsel's failure to appear and his failure to respond to repeated telephone calls to his office.  The record before us does not reveal why counsel did not attend the hearing, nor does it reveal why he did not at least extend the professional courtesy of notifying the court that he would not be able to attend.  If counsel's failure to appear was unexcused, the trial court was free to impose an appropriate sanction upon the attorney.  However, we do not view counsel's unexplained failure to appear to constitute a valid waiver of oral argument.  It is more apt to characterize the PCR judge's decision as holding that defendant forfeited, not impliedly waived, the opportunity to have oral argument by reason of his counsel's unexplained absence.  In any event, we do not agree that denying

A-4046-17T1

defendant the benefit of oral argument was an appropriate sanction in these circumstances.

The PCR court's decision to deny defendant's petition without oral argument conflicts with the underlying principles and procedural standards set forth in State v. Parker. 212 N.J. 269 (2012). In that case, the Court held that when exercising their discretion whether to entertain oral argument on PCR petitions, PCR courts should view the circumstances through a "generous lens," recognizing that there is a "strong presumption in favor of oral argument in connection with an initial petition for post-conviction relief." Id. at 282-83. The Court further instructed that "when the trial judge does reach the determination that the arguments presented in the papers do not warrant oral argument, the judge should provide a statement of reasons that is tailored to the particular application, stating why the judge considered oral argument unnecessary." Id. at 283.

In this instance, the PCR judge did not find that oral argument was unnecessary within the meaning of Parker. To the contrary, by scheduling the oral argument on the court's calendar, the PCR judge had already determined, if only implicitly, that oral argument would serve a useful function.

A-4046-17T1

It bears noting, moreover, that the State's brief on appeal does not address the oral argument issue, even though it was clearly raised by defendant in his appellant brief. Although we are reluctant to add further delay to the substantive resolution of defendant's PCR petition, we also are reticent in these circumstances to review the PCR court's written opinion on the merits. It would conflict with the underlying rationale of <u>Parker</u> were we to assume from our own reading of the PCR record that nothing said at oral argument could possibly have influenced the PCR judge's analysis and final decision. Under <u>Parker</u>, it is incumbent upon the PCR court, not an appellate court in the first instance, to explain why oral argument could not have influenced the PCR court's ultimate decision to deny the petition on the merits. See <u>Parker</u>, 212 N.J. at 282-83.

In the final analysis, <u>Parker</u> stands for the proposition that oral argument is not a perfunctory ritual to be dispensed with lightly. We therefore are constrained to vacate the court's order and remand to provide defendant and the State an opportunity to present oral argument and the court with an opportunity to decide defendant's PCR petition anew with the benefit of oral argument.

Vacated and remanded for further proceedings in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6

A-4046-17T1